NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUSAN WOODARD,

No. 24-1837

Plaintiff - Appellant,

D.C. No. 2:23-cv-00965-FWS-RAO

v.

MEMORANDUM[*]

CEDARS SINAI HOSPITAL; ENVISION
HEALTHCARE CORPORATION OF
COLORADO,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted October 15, 2025[**]

Before: FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Susan Woodard appeals pro se from the district court's order dismissing her

diversity action alleging medical malpractice. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1191, 1194 (9th Cir. 2014) (dismissal based on statute of limitations and application of Fed. R. Civ. P. 15(c)); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed Woodard's claims against Cedars Sinai Hospital because Woodard failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *SeaBright Ins. Co. v. US Airways, Inc.*, 258 P.3d 737, 741 (Cal. 2011) (no vicarious liability for tortious acts of independent contractors except in specified circumstances); *Johnson v. Superior Court*, 49 Cal. Rptr. 3d 52, 58 (Ct. App. 2006) (elements of a medical malpractice claim under California law).

The district court properly dismissed as time-barred Woodard's claims against Envision Healthcare Corporation because Woodard failed to raise those claims within the applicable statute of limitations. *See* Cal. Civ. Proc. Code § 340.5 (the statute of limitations for a California medical malpractice claim is "three years after the date of injury or one year after the plaintiff discovers . . . the injury, whichever occurs first"); *Butler*, 766 F.3d at 1202 (for Cal. Civ. Proc. Code § 474 to apply, "the plaintiff must be 'genuinely ignorant' of the defendant's identity at

the time the original complaint is filed"); *see also* Fed. R. Civ. P. 15(c)(1)(C) (requiring that a newly named defendant, within the Rule 4(m) period, (1) have "received such notice of the action that it will not be prejudiced in defending on the merits" and (2) have had constructive notice that the action would have been brought against it, "but for a mistake concerning the proper party's identity").

**AFFIRMED.**